Good morning, Your Honor. Good morning. David Goldstein. I represent the Upellys Financial Network Investment Corporation, ING Advisors Network, Jack Handy, Jr., John Simmers, and Al Johnson. I will not go into much detail about the arguments that we raised in our brief, and I know the Court has read the papers and we rely on what we stated. There are just a couple of points that I would like to point out for the panel to consider. This is now the sixth time that Karoon and Karoon Capital Markets, or KCM as they're referred to in our papers, have made the arguments that they're making to this Court. First, they argued to the panel at the hearing back in 2010 over six days of testimony, countless exhibits and opening and closing statements and pre-trial and post-trial submissions. When the panel found in favor of Financial Network New York, Financial Network, Financial Network made a motion to the district court, filed a petition with the district court to confirm the award. At the same time, the Karoon parties filed a separate petition to vacate the award. Ultimately, the two separate petitions were consolidated, and the district court said, sent the case back to the panel to decide the issue of whether the two competing awards should be set off. There was a $560,000. You know, we know all this. That's the whole point of the case. Let me ask you this, the question I have. After this was in district court, Karoon personally filed a Chapter 7 bankruptcy, right? Yes, Your Honor. What's the effect of that now? We're going to get to that, Your Honor. Actually, he's been discharged, and the claim against his claims and the claims against Financial Network's judgment have been discharged. They were listed as part of the bankruptcy estate, and I believe it was March of this year that the court discharged him. Can you submit that, those papers to us, the discharge? Yes. So he was discharged. I have a copy here. Well, yeah. I've already sent it electronically. You should probably file it. Yeah. So he personally was, the claims against him personally were discharged? Correct. And against his company? The company is interesting. The company filed for dissolution in New Jersey in 2008. This was part of the record on appeal. And it filed its final tax return in 2009, all prior to the hearing. And nevertheless, he still argued at the hearing with the Karoon parties that it was a viable entity and was entitled to prosecute its claims, though there was no evidence or submitted at trial that it had any revenues, that it had any expenses, that it was collecting any other debts, that it was an ongoing concern, that it was in a winding-up mode. And the fact that it filed its final tax return, which is also part of the record, will lead one to believe that it actually is not a viable entity. So what would you have us do today? Affirm the judgment of the district court? Dismiss the appeal? Well, Your Honor, I think the first thing is I think it's improper for a discharged bankrupt debtor to prosecute appeal in the first instance. And with respect to KCM, I believe the same applies. A defunct entity has no real standing to prosecute this appeal as well. So what about your judgment against them? Unfortunately, I think my client is in a precarious position there, Your Honor. I don't think my client is going to collect on the judgment, but I don't think that they shouldn't be entitled to. So should we affirm the district court in your view or dismiss the action? I think we should affirm the district court. If you send us a copy of the bankruptcy papers, shouldn't we dismiss the appeal? Yes, I think that's fine as well. I think either way. I mean, either way he loses. I'm just trying to figure out what the bottom line on the order is. Yes. I mean, we could send the bankruptcy papers and have the appeal dismissed, and then we could enforce the judgment to the extent possible. Any other questions? Anything else, Mr. Goldstein? No. Thank you for your time, Your Honor. Thank you. Thank you. Enjoy Pasadena since you're here. Thank you. I guess the record ought to reflect. It's now 935, and we haven't gotten any further calls from counsel for the appellant. Okay. Thank you.
judges: George, Silverman, Wardlaw